**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MARCUS FIELDS**                                                                 **PETITIONER**
**ADC #150118**

v.                                          Case No. 5:13-cv-00297-KGB/JTR

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**[1]                                        **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No.30) and the filed objections (Dkt. Nos. 34, 40). After carefully considering these documents and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects. Judgment will be entered accordingly.

Petitioner Marcus Fields's motion for production of documents and motion to appoint counsel are denied as moot (Dkt. Nos. 31, 44). Mr. Field's motion to appoint counsel could be construed as an attempt to bring an actual innocence claim or another ineffective assistance of counsel claim, which would be procedurally barred. Mr. Fields claims that he can prove his innocence through a witness who was in the house and in Mr. Fields's presence the entire night. Mr. Fields also asserts, apparently for the first time, that his counsel would not investigate this witness.

In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" through the impediment of a

---

[1] Wendy Kelley became Director of the Arkansas Department of Correction on January 13, 2015, and is automatically substituted as respondent pursuant to Federal Rule of Civil Procedure 25(d).

procedural bar. 133 S. Ct. 1924, 1928 (2013). However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare" and reiterated that petitioners attempting to show actual innocence are required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *House v. Bell*, 547 U.S. 518, 538 (2006)).

As Judge Ray pointed out, the Arkansas Supreme Court held that the trial evidence, particularly the victim's testimony alone, was sufficient to sustain Mr. Fields's conviction. *Fields v. State*, 2012 Ark. 353 (2012). Mr. Fields does not provide an affidavit from, the name of, or any other information regarding his alleged witness. Even if he had and the witness's testimony was as Mr. Fields's claims it would be, the Court is not persuaded that no reasonable juror would have voted him guilty beyond a reasonable doubt, given the victim's testimony. Accordingly, Mr. Fields's actual innocence claim does not allow him to pass through the procedural bar of his ineffective assistance of counsel claim. Likewise, the *Martinez* exception cannot excuse Mr. Fields's procedural default because he has not established a "substantial" and meritorious ineffective-assistance-of-counsel claim. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012) (stating that for an ineffective-assistance-of-counsel claim to be "substantial," the habeas petitioner must demonstrate that his claim has "some merit"). For an ineffective-assistance-of-counsel claim to have merit, a petitioner must establish that his attorney's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms," and that the "professionally unreasonable" conduct of counsel "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). Prejudice is established if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Id.* at 694. Based on the record before the Court, Mr. Fields has not established prejudice.

Mr. Fields's motions for copies are granted (Dkt. Nos. 38, 42, 43). Mr. Fields requests copies of documents he sent to the Court in support of his motion for subpoena and motions to compel. Because it is unclear which documents Mr. Fields seeks, the Clerk of the Court is directed to send Mr. Fields copies of his motion for subpoena, motions to compel, and all supporting attachments, which includes docket numbers 16, 17, 20, 23, 25, 26, 27, 28, and 39.

It is therefore ordered that this petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed with prejudice (Dkt. No. 1). It is further ordered that a certificate of appealability is denied pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

SO ORDERED this the 21st day of May, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE